**LEWIS JOHS**
Lewis Johs Avallone Aviles, LLP
Counsellors at Law

October 30, 2023

**MEMO ENDORSED**

*Via Pacer and E-mail:*
Failla_NYSDChambers@nysd.uscourts.gov
Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

**RE:   Abdul Rahim Howard v. FedEx Custom Critical, Inc.**, et al
         Case # 1:22-cv-10686-KPF

Dear Judge Failla:

I represent defendants FedEx Custom Critical, Inc. and Mark Ferrari. The defendants move for an Order pursuant to FRCP 37 striking the complaint and dismissing the action in its entirety, and for such other and further relief as this Court deems just and proper.

This matter arises out of an accident which occurred on December 13, 2021 between 3:00-4:00 p.m. on the westbound Bruckner Expressway approaching Exit 51 in Bronx County, New York. Plaintiff Abdul Rahim Howard was operating a vehicle owned by non-party Elrac, LLC in the right lane of the Bruckner Expressway. Defendant Mark Ferrari was operating a truck leased by FedEx Custom Critical, Inc. in the center lane of the Bruckner Expressway, bearing Ohio state license plate number PWR2512. The accident occurred as the right lane in which plaintiff was traveling ended due to construction.

The deposition of the parties and a non-party witness have been completed. However, plaintiff has failed to provide Rule 26 Initial Disclosures and a significant number of medical records and authorizations, in violation of two court orders, despite defendants' good faith attempts to obtain same. The outstanding discovery included but is not limited to records and authorizations related to plaintiff's **May 5, 2022** cervical disc surgery. Defendants learned about the May 5, 2022 surgery for the first time at plaintiff's deposition on July 20, 2023. Plaintiff has **never** claimed a cervical disc surgery related to the subject accident. Defendants cannot conduct meaningful defense physical examinations of plaintiff without these records and authorizations.

This matter was initially commenced in New York Supreme Court, Bronx County, against FedEx Custom Critical, Inc. and Mark Ferrari, inter alia, on August 19, 2022. The action was removed to Federal Court on or about December 16, 2022. Docket #1. On February 2, 2023, the parties submitted a joint pre-initial conference letter, with proposed case management plan and scheduling order. Docket ##17 and 18. The proposed case management plan and scheduling order provide that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of the Order and that plaintiff shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than March 1, 2023. Docket #18. The order was never signed by Your Honor.

Following denial of plaintiff's motion to remand to state court, on May 1, 2023, the parties submitted a joint letter with an amended proposed case management plan and scheduling order. Docket #30. The amended proposed case management plan and scheduling order provide



that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of the Order and that plaintiff shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than August 18, 2023. Docket #30-1. The order was signed by Your Honor on May 2, 2023. Docket #31.

On July 19, 2023, I emailed plaintiff's counsel that I still did not have plaintiff's Rule 26 Initial Disclosures. **Exhibit A.** Plaintiff' counsel responded, "Just saw this, my apologies Jessica, I will have them to you by tomorrow at 1pm! Thank you for your courtesy, I really appreciate it." *Id.* However, the Rule 26 disclosures were never received. Nonetheless, I conducted plaintiff's deposition July 20, 2023. Multiple new medical providers were identified and plaintiff disclosed for the first time that he had surgery on May 5, 2022, replacing two discs in his neck. See, **Exhibit B.**

On July 20, 2023, in an email discussing deposition dates, I requested that plaintiff's counsel provide the outstanding rule 26 disclosures and responses to the 5/2/23 order. See, **Exhibit C.**

On August 4, 2023, the parties submitted a joint letter motion requesting an extension of discovery end dates, with a proposed second amended case management plan and scheduling order. Docket #32. The proposed second amended case management plan and scheduling order provides that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of the Order and that plaintiff shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than August 18, 2023. Docket # 32-1. The order was signed by Your Honor on August 7, 2023 (Docket #34).

On October 29, 2023, I emailed Mr. Gammons asking him to call me today on October 30, 2023 to discuss a further extension of fact discovery because I never received any of the authorizations for the May 2022 surgery and follow up treatment or for the new providers identified at plaintiff's deposition. **Exhibit D.** There was no response. I called Mr. Gammons twice this afternoon and left messages that I was calling to discuss the outstanding authorizations and medical records. I never heard back from him.

Due to plaintiff's failure to respond to defendants' requests for the outstanding discovery, to comply with two prior Court orders regarding discovery and specifically authorizations, it is clear that plaintiff has no intention of complying with either the prior Court Orders or the Defendants' Interrogatories or Discovery Demands. Defendants have repeatedly attempted to confer with plaintiff's attorney to obtain this outstanding discovery to no avail. Additional efforts to confer with plaintiff's counsel would be fruitless. Accordingly, defendants now move for an Order pursuant to Rule 37 striking the complaint and dismissing the action in its entirety, and for such other and further relief as this Court deems just and pro.

When, as here, a party fails to serve answers to interrogatories or written responses to document demands, the Court in which the action is pending on motion may make such orders in regard to the failure as are just." Rule 37(d); *Salahuddin v. Harris*, 782 F.2d 1127, 1130 (2d Cir. 1986) (footnote omitted); *Abreu v. City of New York,* 208 F.R.D.526 (SDNY 2002). "Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or permit discovery.'" *Salahuddin v. Harris*, 782 F.2d at 1131, (*citing* FRCP 37(b)(2)(A)). A Court granting a Rule 37 motion has broad discretion to impose



sanctions as is just, including an order striking pleadings and dismissing the action. Rule 37(b)(2); *Friends of Animals Inc., v. U.S. Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997). Sanctions such as striking answers and dismissing actions are appropriate when there is some element of culpability present in the actions of a party failing to comply with a discovery order, that is, the party's failure must be willful, in bad faith, or through fault. *Bhagwanani v. Brown,* 2016 WL 6561486 at 1(2d Cir. 2016)(citation omitted); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007); *Hurley v. Tozzer, Ltd.,* 2017 WL 1064712 at 1 (SDNY 2017); *Monaghan v. SZS 33 Associates, L.P.,* 148 F.R.D. 500, 509 (SDNY 1983)(citations omitted); Most often this culpability is demonstrated by a party's persistent refusal to comply with a discovery order. 148 F.R.D. at 509 (citations omitted). Indeed, this Court and the Second Circuit have noted that the "harshest" sanctions are appropriate in cases such as this one where there is repeated defiance of express court orders and a blatant failure to prosecute. *Patino v. Avalon Bay Communities, Inc.*, 2016 WL 8677284 (EDNY 2016); *Ehret v. New York City Dept. of Social Services,* 102 F.R.D. 90, 92 (EDNY 1984). See also, *Litton Systems, Inc. v. American Tel. and Tel. Co.,* 700 F.2d 785, 828 (2d Cir. 1983).

In the case at bar, plaintiff's attorney Plaintiff has continuously failed to provide Rule 26 Initial Disclosures and a significant number of medical records and authorizations, in violation of two court orders, despite defendants' good faith attempts to obtain same. The outstanding discovery included but is not limited to records and authorizations related to plaintiff's **May 5, 2022** cervical disc surgery. Accordingly, the defendants respectfully request that an Order be issued, pursuant to Rule 37, striking the Complaint and dismissing the action in its entirety, and for such other and further relief as this Court deems just and proper.

Thank you for your time and consideration.

Very truly yours,

Jessica Klotz
*Islandia Office*
jklotz@lewisjohs.com
JK/lah

Enc.

cc via ECF: Matthew Trafton Gammons, Esq.

The Court is in receipt of Defendants' request for a Local Rule 37.2 Conference, (Dkt. #35) regarding Plaintiff's failure to provide Rule 26 Initial Disclosures, along with medical records and HIPAA authorizations as called for by the operative Case Management Plan, (Dkt. #34). The Court is troubled by Plaintiff's failure to comply with the deadlines of the Case Management Plan, as well as Plaintiff's failure to respond to Defendants' letter request seeking a conference, despite having had ample time to do so.

The parties are ORDERED to appear for the post-fact discovery conference scheduled for **November 16, 2023**, at **12:00 p.m.**, at which conference the parties should be prepared to discuss appropriate sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2). Furthermore, Plaintiff is ORDERED file a letter, not to exceed three pages, on or before **November 15, 2023,** which letter shall provide the Court with good cause for why Plaintiff has failed to abide by the Court's prior orders, and for why Plaintiff has failed to provide the above-mentioned materials prior to the close of fact discovery.

The Clerk of Court is directed to terminate the pending motion at docket number 35.

Dated:     November 13, 2023          SO ORDERED.
           New York, New York

                                      *Katherine Polk Failla*

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE